JOHN P. GOULD *et al.*, Respondents, v. GEORGE TROWBRIDGE *et al.*, Appellants.

*Evidence—Lost Instrument.*—The testimony of a party to prove the loss of an instrument may be taken by deposition with the same effect as if he had been placed upon the stand. But the affidavit of the party to prove such loss is inadmissible. Before such testimony can be admitted, the previous existence of the instrument must be shown by other evidence.

*Appeal from St. Louis Circuit Court.*

*H. N. Hart*, for appellants. ·

*J. C. Moody*, for respondents.

DRYDEN, Judge, delivered the opinion of the court.

The petition in this case alleges, among other things, that one Alexander Powell, at Cincinnati, Ohio, on the 23d of

August, 1848, drew his bill of exchange on the defendants, Trowbridge & Priest, and requested them to pay to the firm of Gould, McCracken & DeGraff, of whom the plaintiffs are the survivors, eight months after date, at the Bank of Missouri, St. Louis, the sum of $1,496.47; that before the maturity of the bill the defendants duly accepted it; that at maturity demand was made, payment refused, protest and notice, and subsequent death of DeGraff; and as an excuse for not filing the bill with the petition, its loss or destruction was averred. The defendants answered, denying every material allegation of the petition, but setting up no new matter. The trial of the case was submitted to the court, and a verdict and judgment for the amount of the bill and interest were rendered for the plaintiffs. On the trial, the plaintiffs, by way of laying the foundation for the introduction of secondary evidence of the contents of the bill, among other evidence for the same purpose, read first the petition in this case together with the affidavit thereto of McCracken, one of the plaintiffs, and second, so much of a deposition of the plaintiff Gould taken in the cause as bears upon the question of the loss of the bill. The plaintiffs also, to prove the copartnership of Gould, McCracken & DeGraff, and the death of the latter, read the deposition of one Burton.

The plaintiffs also read in evidence two affidavits in support of motions for continuances, one made by Trowbridge and the other by Priest, at different terms of the court pending the action—all which evidence was admitted against the objection and exceptions of the defendants. There were no declarations of law asked or refused on the trial. After verdict the defendants asked for a new trial, which was refused and they excepted. The only question in the case is, as to the admissibility of the testimony objected to.

1. The grounds of objection to the introduction in evidence of the petition and affidavit of McCracken and deposition of Gould, are not disclosed in the record; we will therefore only consider the question of their competency. That a party to a suit is competent to prove the loss of a paper by way of

Gould v. Trowbridge.

laying the foundation for the introduction of secondary evidence of its contents, provided it was lost out of his own custody, is so well settled by the practice of the courts as to admit of no question. Ordinarily the proof is made by calling the party at the trial, but it may be made just as well by his deposition. There is no reason for the exclusion of the deposition in such case that would not equally apply in any other.

The mode of making the proof by means of the petition and affidavit was improper, and not sustained by the practice of the courts.

Preliminary to the oath of the party in such cases, he must adduce some proof showing that the lost document had had a previous existence.

This preliminary evidence is furnished in this case by the letter of the defendants, dated St. Louis, April 14th, 1849, (a few days before the maturity of the bill,) addressed to Gould, McCracken & DeGraff, in which they say, "we have to write you with reference to *our acceptance* in *your* favor for fourteen hundred and ninety-six dollars and forty-seven cents, falling due at Bank Missouri on the 26th instant, and to inform you, with regret, our inability at present to retire the same. You are, no doubt, aware of our having sustained loss through the dishonesty of Alexander Powell, the *drawer of this draft*," &c., &c.

The same letter discloses the fact that Trowbridge, one of the defendants, had shortly before gone to California. After reading this letter, in connection with the deposition of Gould, and the petition and affidavit of McCracken, the plaintiffs read a deposition of one R. P. Effinger, which tended to prove that he had received the draft for collection in San Francisco from the plaintiffs, and that before he had taken any legal measures for its collection, he had placed it in the hands of the law firm of Weller, Jones & Kinder, in San Francisco, and returned east. The plaintiffs also in this connection read the deposition of Mr. Weller, of the San Francisco law firm, whose evidence tended to prove the de-

struction of the draft in a fire that consumed the office and books and papers of the witness. From this review of the testimony it is manifest that, whether the evidence of the parties was properly or improperly admitted, the defendants were not harmed by its introduction, since the loss of the bill was abundantly shown by the evidence of Effinger and Weller. The error, then, in admitting the petition and affidavit in evidence, having done the defendants no harm, we cannot for such error reverse the judgment. (R. C. 1855, p. 1300, sec. 34.)

2. There is no ground of objection apparent to the deposition of Burton, and the defendants disclose none in the record. We will therefore give the exception no consideration.

3. The affidavits of the defendants which were read by the plaintiffs are objected to on the ground that they are "incompetent and illegal." Upon what principle it can be claimed that they were incompetent or illegal as evidence against the parties who made them, in the cause in which they were made, and about the very matters in controversy, it is difficult to see. The answer in the case utterly denied that the defendants had ever accepted the bill declared on in the petition, or any such; but in these affidavits for continuance the defendants, forgetful of the unqualified denials of the answer, distinctly admitted the acceptance, and to defeat the action on a ground not relied on in the answer, sought to continue the trial to procure evidence which they said with proper indulgence they could procure, to prove that the plaintiffs had transferred the bill to other parties. The affidavits were competent and exceedingly pertinent on the issue as to whether the defendants accepted the bill.

The allegations of the petition were amply sustained by legal and competent evidence in the face of the denials in the answer, which, as shown by their own affidavits and the other proofs, they ought not in conscience to have made.

The judgment of the Circuit Court is affirmed, with ten per cent. damages; the other judges concurring.